## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT FREDRICK LOWE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-18-3615 |
| CLAY T. GROTON IV | * | |
| WICOMICO COUNTY STATE'S ATTORNEY OFFICE, | * | |
| Defendants | * | |

***

# MEMORANDUM

The above-entitled complaint was filed on November 21, 2018, together with a motion to proceed in forma pauperis. Because plaintiff appears indigent, the motion shall be granted.

Plaintiff is incarcerated at the Wicomico County Detention Center. ECF 1. The instant complaint concerns plaintiff's claims that Wicomico County State's Attorney Clay T. Groton IV violated his rights during his bond hearing when Groton argued to the court about "jail phone recordings that stated [plaintiff] had someone on the outside intimidating a state witness." *Id*. at p. 3. Plaintiff disputes Groton's claim and argues that Groton's argument amounted to slander and defamation. *Id*.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at

93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

Plaintiff's claims must be dismissed. Defamation or libel and slander claims do not invoke the application of a federal statute; they are purely state law claims that lie outside the jurisdiction of this court. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (stating that defamation does not state a cognizable claim of constitutional dimension under the Civil Rights Act); *R. H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*, 336 F.2d 160, 165 (4th Cir. 1964) (stating that a slander claim does not implicate a federal constitutional or statutory right; rather, it is a state law claim), *aff'd*, 382 U.S. 145 (1965).

Moreover, Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The court must use a "functional approach"

2

to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424U.S. at 431." Groton's arguments presented as an advocate during plaintiff's bond hearing, are closely associated with the judicial process and as such he is entitled to immunity. A separate order follows.

Dated this 17th day of December, 2018.

FOR THE COURT:

/s/
James K. Bredar
Chief Judge
